## ROSALY *v.* ALVARADO.

### APPEAL from the District Court of Ponce.

No. 630.—Decided February 2, 1911.

PRESCRIPTION—COMMERCIAL PROMISSORY NOTES.—Actions arising from commercial promissory notes extinguish three years after they have fallen due.

ID.—OBLIGATIONS—COMMERCIAL TRANSACTIONS.—The issue of promissory notes *payable to order* and the indorsements thereon must be considered commercial transactions, according to article 2 of the Code of Commerce, whether executed by merchants or not, such documents being among those expressly defined in said code, for which reason it is to be assumed that they arise from commercial transactions, unless the contrary be proven.

CODE OF COMMERCE—COMMERCIAL TRANSACTIONS.—The provisions of the Code of Commerce were not promulgated for the benefit of a given class of persons, but for the purpose of regulating commercial transactions whether specified in said code or not.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for appellant.

*Mr. José Tous Soto* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a suit brought on January 2, 1909, on a promissory note for $1,191.22, alleged to have been made and delivered

on April 30, 1901, by defendant in favor and to the order of Don Lázaro Puente, the plaintiff's intestate, "who at that time was not a merchant," for money received as a loan, and falling due on February 21, 1902; and it is further alleged that said note has never been satisfied, in whole or in part.

The defendant admits the execution and delivery of the note and in defense relies on the statute of limitations, alleging that the promissory note sued on is commercial paper payable to order, and that any action thereon is barred by article 950 of the Code of Commerce in three years from its maturity.

If the Code of Commerce applies to this case the action is barred, since more than six years, twice the time prescribed by law, have elapsed between the maturity of the note and the date when suit was filed, three years being sufficient to bar an action under the article of the Code of Commerce cited.

No exact copy of the note sued on appears in the record, wherefore we must rely on the pleadings for a description thereof; and it is stated in the complaint that it was made in "favor of and to the order of Puente," the payee, "who was not then a merchant." The plaintiff seems to rely on the fact that his intestate, at the time the note was made, was not pursuing the occupation of a merchant. But this is not the question involved. The Code of Commerce was not enacted to govern transactions between merchants, but to regulate commercial business among the people. It was not a code created for the benefit of a class of people, but to benefit all the people in regard to certain kinds of business. It is the nature of the note on which suit is brought and not the occupation of the parties who borrowed or lent the money that determines whether or not this matter falls within the purview of the Code of Commerce. This is plainly indicated by the second section of that code, which reads thus:

"Art. 2. Commercial transactions, be they executed by merchants or not, whether they are specified in this code or not, shall be governed by the provisions contained in the same; in the absence of which, by

the commercial customs generally observed in each place; and in the absence of both, by those of the common law.

"Commercial transactions shall be considered those embraced in this code and any others of a similar character."

Also by article 532 of the Code of Commerce, which reads as follows:

"Art. 532. Drafts payable to order between merchants and the bills or promissory notes likewise payable to order, which arise from commercial transactions, shall produce the same obligations and effects as bills of exchange, except with regard to acceptance, which is a quality of the latter only.

"The bills or promissory notes which are not payable to order shall be considered simple promises to pay subject to the common law or the commercial law, according to their nature, excepting the provisions contained in the following title."

Such a note as this was declared by the Supreme Court of Spain to fall within the provisions of the Code of Commerce, as will appear by a reference to the case of *Silvestre* v. *Banco de España,* decided on January 25, 1898. (83 Jurisprudencia Civil, p. 162.) See also a decision of the same high tribunal rendered on February 26, 1892, to the like effect.

We followed these cases in a similar one and made a decision on this identical point on January 15, 1906. In that case we said:

"The issue of promissory notes to order, and their indorsements, should be considered as commercial transactions, in accordance with article 2 of the Code of Commerce, as they come under those expressly defined in that code, and therefore the presumption exists that they arise from commercial transactions, unless the contrary is shown.

"Actions arising out of commercial promissory notes prescribe within three years from the date of their maturity." (*Hernández* v. *Muñiz,* 10 P. R., 16.)

Following these decisions the action brought on the promissory note described was barred by the statute of limitations of three years, and judgment should have been rendered for the defendant. For these reasons the judgment of the District

Court of Ponce, rendered on January 24, 1910, must be reversed and judgment here rendered in favor of the defendant, who is here the appellant.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.